MEMORANDUM *
Jose Luis Garcia-Garcia petitions for review of an order of the Board of Immigration Appeals dismissing his appeal of a decision by an immigration judge denying his motion to suppress evidence of alienage and to terminate proceedings, and ordering Garcia-Garcia removed from the United States.
Generally, the exclusionary rule does not apply in civil immigration proceedings. INS v. Lopez-Mendoza, 468 U.S. 1032, 1034, 1050, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); Lopez-Rodriguez v. Mukasey, 536 F.3d 1012, 1015 (9th Cir.2008). However, “administrative tribunals are still required to exclude evidence that was ‘obtained by deliberate violations of the Fourth Amendment or by conduct a reasonable officer should know is in violation of the Constitution.’ ” Lopez-Rodriguez, 536 F.3d at 1016 (quoting Orhorhaghe v. INS, 38 F.3d 488, 493 (9th Cir.1994)).
Seizing an individual based solely on his or her Hispanic appearance or Hispanic-sounding name is an egregious violation of the Fourth Amendment. See Orhorhaghe, 38 F.3d at 497-98, 503; Gonzalez-Rivera v. INS, 22 F.3d 1441, 1448-50 (9th Cir. 1994). Garcia-Garcia, however, has offered absolutely no evidence that his Hispanic appearance or his Hispanic-sounding last name were the reasons for his contin *524 ued detention. In fact, he freely admitted that he did not know why immigration officers took custody of him after he had been judicially cleared of criminal charges. Furthermore, his argument that, “[ajbsent another explanation, it should be presumed that his Hispanic appearance and surname were the grounds for his continued detention in Los Angeles even after he was cleared of criminal charges,” is without basis in the law and we decline to adopt it.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.